# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PRESTIN DWAYNE GREEN, #B89232,    )
                                                 )

           Plaintiff,              )

vs.                                 )       **Case No. 19-cv-00772-JPG**

HUGHES LOCHARD,
DOUGLAS CLARK,
MARSHA LILLY,
KELLY LOUCKS,
and STEVE BARIS,

          Defendants.        )

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Prestin Green, an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 against officials at Perry County Jail ("Jail"). (Doc. 1). Plaintiff claims that he was denied necessary treatment and medication for an unspecified medical condition at the Jail. (*Id*. at p. 5). He suffered numerous seizures that caused injuries. (*Id*.). Plaintiff seeks monetary relief against the defendants. (*Id*. at p. 6).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: During his detention at the Jail in October 2018, Plaintiff was denied medication for an undisclosed medical condition. (Doc. 1, p. 5). He suffered multiple seizures that resulted in injuries, and he was treated at Carbondale Memorial Hospital. Before discharging Plaintiff, a neurologist provided him with a prescription for benzodiazepines and orders that cautioned against sudden cessation of the medication. Plaintiff provided the prescription and orders to Jail "authorities," who again failed to administer the medication as prescribed. Plaintiff suffered additional seizures and related injuries. He blames "the [d]octor and staff . . . who[se] attention it was brought to that this was occurring." (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single claim in this *pro se* action:

> **Count 1:** Defendants denied Plaintiff adequate medical care and medication for his unspecified medical condition at the Jail in October 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The analytical framework for Plaintiff's claim depends on his status as a pretrial detainee or a convicted person in October 2018, when his claims arose against Jail officials. The Fourteenth Amendment governs claims for the denial of medical care brought by a pretrial detainee, and the Eighth Amendment governs claims brought by a convicted person. *Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013). It is unclear which constitutional amendment governs Plaintiff's claim at this stage, but this issue can be resolved as the case proceeds.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff faces a more fundamental problem with his claim at screening. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant cannot be liable under Section 1983, unless he or she "caused or participated" in a constitutional deprivation. *Id*. The allegations must at least suggest that each defendant violated Plaintiff's constitutional rights.

The Complaint does not establish any defendant's involvement in a constitutional deprivation. Plaintiff identifies Defendants Lochard, Clark, Lilly, Loucks, and Baris as defendants in the case caption of the Complaint and the list of defendants. (Doc. 1, pp. 1-2). However, he mentions none of them in the statement of claim. (*Id*. at p. 5). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, invoking a potential defendant's name by listing him or her in the case caption is not enough to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Count 1 cannot proceed against any of the defendants and shall be dismissed without prejudice for failure to state a claim.

Because Count 1 is the only claim, the Complaint does not survive preliminary review and shall be dismissed. However, Plaintiff will have an opportunity to re-plead his claim, if he wishes to proceed any further with this action. When preparing a First Amended Complaint, he should

identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights.

## **Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes no efforts to locate counsel on his own and, despite having a high school education and health issues, demonstrates his ability to litigate this single-issue case without representation. He has prepared and filed coherent pleadings to date. He also appears capable of re-pleading his claims, preparing motions, and conducting discovery as the case proceeds. The Court therefore declines to recruit counsel at this time. Plaintiff may renew his request, if counsel becomes necessary as the case proceeds.

## **Disposition**

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim for relief, and Defendants **LOCHARD, CLARK, LILLY, LOUCKS,** and **BARIS** are **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 15, 2019.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for

4

use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00772-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

     **IT IS SO ORDERED**.

     **DATED: 9/17/2019**　　　　　　　　　s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**