IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PRESTIN DWAYNE GREEN, #B89232,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00772-JPG ) |
| **HUGHES LOCHARD,** **DOUGLAS CLARK,** **MARSHA LILLY,** **and KELLY LOUCKS,** | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Prestin Green's First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against medical and jail staff at Perry County Jail ("Jail") who denied him prescription medication for his seizure disorder. (Doc. 11, pp. 1-6). As a result of this deprivation, Plaintiff suffered several seizures and related injuries requiring emergency hospitalization. (*Id.*). He seeks monetary relief against the defendants. (*Id.* at p. 7).

The First Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 11, p. 6): When he was booked into Perry County Jail in October 2018, Plaintiff was suddenly taken off his seizure medication. Plaintiff brought his prescription medication to the Jail, but the medical and/or jail staff confiscated it and refused to administer it to him. The sudden cessation of his medication caused Plaintiff to suffer numerous seizures and head trauma. He was taken to Carbondale Hospital and placed into a medically-induced coma until medical professionals could treat his head trauma and resume his medication. Plaintiff claims that Dr. Lochard, Nurse Loucks, Major Clark, and Lieutenant Lilly actively prevented him from taking his medication and caused him to suffer injuries as a result of their misconduct. (*Id.*).

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* First Amended Complaint:

> **Count 1:** Fourteenth Amendment claim against Defendants for denying Plaintiff access to his seizure medication at the Jail in October 2018.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The First Amended Complaint articulates a colorable Fourteenth Amendment claim against Defendants. Construed liberally in favor of Plaintiff, the allegations suggest that each defendant was aware that Plaintiff required prescription medication for his seizure disorder and actively prevented him from taking it. These facts satisfy the Fourteenth Amendment's objective unreasonableness standard that is applicable to medical claims brought by pretrial detainees.[1]

---

[1] The allegations also satisfy the Eighth Amendment's deliberate indifference standard that is applicable to convicted persons. *See, e.g., McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016). Because Plaintiff was a pretrial detainee when his claim arose, however, the Court has analyzed Count 1 under the less demanding Fourteenth Amendment standard.

*See King v. Kramer*, 680 F.3d 1013 (7th Cir. 2012) (Fourteenth Amendment claim against jail nurse who abruptly stopped pretrial detainee's medication before he suffered seizures and death survived summary judgment). Count 1 cannot be dismissed against any defendants at this stage.

**Disposition**

**IT IS ORDERED** that **COUNT 1** survives screening against Defendants **LOCHARD, LOUCKS, CLARK,** and **LILLY**. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 11) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Because Count 1 arises from the alleged denial of medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **LOCHARD, LOUCKS, CLARK,** and **LILLY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 11), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/6/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.